Billy Howard **MARTIN**

v.

Clarence **JONES**, Individually and in his official capacity as Sheriff of Dallas County, Chief Masters, Individually and in his official capacity as chief jailer in the Dallas County Jail, Chief Roland, Individually and in his official capacity as chief jailer in the Dallas County Jail, Nurse Parks, Individually and in her official capacity as head nurse in the Dallas County Jail, Four Unknown Jailers, Individually and in their official capacities as deputy jailers in the Dallas County Jail, Chief White, Individually and in his official capacity as chief jailer in the Dallas County Jail.

No. CA 3–75–1271–C.

United States District Court, N. D. Texas, Dallas Division.

Oct. 4, 1978.

Lindsey Enderby, Dallas, Tex., for plaintiff.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

In this 1983 case Plaintiff Billy Howard Martin claims violation of his civil rights by Dallas County Sheriff Clarence Jones and Deputy Sheriffs Roland, Masters and White, and Nurse Parks by their failure to afford him medical care for his serious medical needs when he was in jail from August 19, 1972, until he went to the Texas Department of Corrections on November 1, 1972. The record made in this case wholly fails to show deliberate indifference by prison personnel to Plaintiff's medical needs and Judgment must be rendered for Defendants.

Plaintiff's case is mainly based upon his testimony and that of two witnesses who were in jail with him, they being J. D. McFatridge and Gene O'Connor. He also presented testimony by his former sister-in-law, who was also his secretary, and by his daughter, who was the wife of J. D. McFatridge. Plaintiff testified that he was in great pain as a result of a recent gall bladder operation and that he did not get any medical treatment or any sort of medication or even an examination by a doctor from the time he was placed in jail on August 19, 1972, until he went to the Texas Department of Corrections on November 1, 1972. He did admit that he talked to a nurse a couple of hours after he was placed in jail, and also admits that he could have gotten some Darvon compound for pain but that he doesn't remember clearly. The thrust of his testimony is that he was denied any sort of medical care or attention for his serious medical needs during the time he was confined in the Dallas County Jail. His former secretary, Mrs. Fairchild, testified that Mr. Martin had told her that he was getting no care, as did his daughter. J. D. McFatridge testified that at no time did Mr. Martin get any sort of medical care or attention, although prisoners in his cell asked for it repeatedly on Plaintiff's behalf. The witness O'Connor, however, testified that the jail guard and the nurse took Mr. Martin out of the cell on at least three or four occasions and that he also saw the nurse bring medicine to the Plaintiff at those times.

Barbara Stacy was called as an adverse witness by the Plaintiff and she produced the medical records pertaining to Plaintiff and those records were offered into evidence as Plaintiff's Exhibit No. 1. This medical record, as interpreted by Mrs. Stacy, shows that Plaintiff was given a Darvon 65 capsule on August 20, 1972, and Mrs. Stacy testified that this was approximately equivalent to Empirin No. 3. The medical records further show that Dr. Sandusky examined Plaintiff on September 1, 1972, and prescribed a course of medication including Darvon, Probanthin, and Amylase. The records further reflect that on September 4, 1972, a Dr. Weatherby examined Plaintiff, making a diagnosis similar to that previously made by Dr. Sandusky and recommending among other things some blood tests, a bland diet, and a substance called Donnatol. The records also reflect that on September 12, 1972, Plaintiff's private physician suggested that he be placed on Empirin compound No. 3 or No. 4 but that Dr. Weatherby elected to try Darvon and observe for recurrent bouts of pain. Mrs. Stacy testified and the records reflect that Plaintiff was given a continuous course of treatment and examination by the doctors and nurses in the Dallas County Jail from the time Plaintiff was admitted until he was transferred to the Texas Department of Corrections. Mrs. Stacy further testified that Nurse Parks, who was named in Plain-

tiff's petition as a Defendant in this case, did not even start to work at the jail until April 1, 1973, long after Plaintiff was sent to Texas Department of Corrections.

The Court is of the opinion that the great weight of the evidence belies Plaintiff's testimony that he was never examined by a doctor and never given any sort of medication for his pain. Certainly there was no deliberate indifference on the part of Defendants to Plaintiff's illness. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251.

Plaintiff has wholly failed to prove a constitutional claim in this case, and judgment will be rendered for Defendants.